UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY REEP, *pro se*, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 16-cv-1275-RCL |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION

I.  INTRODUCTION

This case concerns a March 2009 request by *pro se* plaintiff Rodney Reep under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for records held by defendants Executive Office for United States Attorneys ("EOUSA"), Federal Bureau of Investigation ("FBI"), United States Drug Enforcement Agency ("DEA"), and Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The plaintiff requested records regarding himself and records relating to two criminal cases prosecuted in the United States District Court for the Eastern District of Virginia.

On June 23, 2016, Mr. Reep brought suit against the defendant agencies under FOIA, the Privacy Act of 1974, 5 U.S.C. § 552a, and the Administrative Procedure Act. The gravamen of plaintiff's complaint is that the agencies failed to uphold their obligations under FOIA. The government moved to dismiss the suit as against defendants EOUSA, FBI, and DEA, arguing that the Court lacks subject-matter jurisdiction over claims barred by the statute of limitations. In the same filing, defendant ATF moved for summary judgment in its favor, arguing that it fulfilled all

1

of its obligations under FOIA as it relates to Mr. Reep's requests. Mr. Reep filed an opposition brief and the defendants chose not to reply.

Upon consideration of the defendants motion, the plaintiff's opposition, the entire record, and the applicable law, the Court **GRANTS** dismissal of the suit as to defendants EOUSA, FBI, and DEA, and **GRANTS** defendant ATF's motion for summary judgement. ECF No. 12.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear the claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Unlike when addressing a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

### B. Summary Judgment in FOIA Cases

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). As applied in a FOIA case, an agency defendant may be entitled to summary judgment if it demonstrates that 1) no material facts are in dispute, 2) it has conducted an adequate search for responsive records, and 3) each responsive record that it has located has either been produced to the plaintiff or is exempt from disclosure. *Miller v. U.S. Dep't of Justice*, 872 F. Supp. 2d 12, 18 (D.D.C. 2012) (*citing Weisberg v. DOJ*, 627 F.2d 365, 368 (D.C. Cir. 1980)).

When an agency receives a FOIA request it is obligated to "conduct a search reasonably calculated to uncover all relevant documents." *Truitt v. Dep't of State*, 897 F.2d 540, 541 (D.C.

Cir. 1990) (internal quotation marks omitted). The adequacy of a search, therefore, depends not on "whether any further documents might conceivably exist," *id.*, but on the search's design and scope. An agency must accordingly show that it made "a good faith effort to conduct a search for the requested records, using methods [that] can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

The agency bears the burden of showing that it complied with FOIA and it may meet this burden "by providing 'a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched.'" *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 313–14 (D.C. Cir. 2003). The plaintiff may then "provide 'countervailing evidence' as to the adequacy of the agency's search." *Id.* at 314. If a review of the record created by these affidavits "raises substantial doubt," as to a search's adequacy, "particularly in view of 'well defined requests and positive indications of overlooked materials'" summary judgment would not be appropriate. *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Founding Church of Scientology v. Nat'l. Sec. Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

An agency claiming an exemption to FOIA bears the burden of establishing that the exemption applies. *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 352 (1979). An agency satisfies that burden by submitting affidavits that "describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (internal quotation marks omitted).

"Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.D.C. 1991). They may, however, be rebutted by evidence of bad faith. *Id.*

## III. DISCUSSION

### A. Motion to Dismiss Complaint against FBI, DEA, and EOUSA

The government moves to dismiss the complaint against the FBI, DEA, and EOUSA, arguing that it is barred by the statute of limitations and that the Court lacks subject-matter jurisdiction over the claims.

The statute of limitations period for FOIA actions is six years, as set forth in 28 U.S.C. § 2401(a). *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987). The statute provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." The six-year statute of limitation period "must be strictly construed" because § 2401(a) "is a jurisdictional condition attached to the government's waiver of sovereign immunity." *Id.* A FOIA claim "accrues" when "a party has [actually or constructively] exhausted all administrative remedies," at which point "the person challenging the agency action can institute and maintain a suit in court." *Id.* at 56-57. Constructive exhaustion occurs "when the time limits by which an agency must reply to a FOIA claimant's request or appeal (if there is an appeal) expire." *Aftergood v. CIA*, 225 F.Supp.2d 27, 29 (D.D.C.2002).

The D.C. Circuit explained that "there are 'two time limit' provisions that trigger constructive exhaustion." *Spannus*, 824 F.2d at 58. "First, the agency has 'ten days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any [FOIA] request' within

4

which to 'determine ... whether to comply with such request...'" *Id.* (*citing* 5 U.S.C. § 552(a)(6)(A)(i)). "Second, the agency has 'twenty days (excepting Saturdays, Sundays, and legal public holidays) after receipt of ... [an administrative] appeal' within which to 'make a determination' on that appeal. *Id.* (*citing* 5 U.S.C. § 552(a)(6)(A)(ii)). In other words, when a FOIA requestor appeals the initial agency determination, his claim accrues—and the six-year clock begins to run—twenty days after the agency receives the appeal.

Plaintiff filed this action on June 23, 2016. The government proffers that the DEA informed the plaintiff that his appeal was received on December 30, 2009, meaning that his right of action accrued twenty days later on January 29, 2010. ECF No. 17-1, Myrick Decl. ¶ 10. Therefore, he only had until January 29, 2016, to bring this action against the DEA. His suit was filed almost 5 months too late.

The FBI received the plaintiff's administrative appeal on May 11, 2009. ECF No. 12-7, Hardy Decl. ¶ 17. After his request was remanded to the FBI for further review and the FBI produced additional responsive documents, the plaintiff subsequently filed a second appeal on May 17, 2010. *Id.* ¶ 18. Despite filing a second appeal, the plaintiff constructively exhausted his administrative remedies twenty days after his first appeal because at that point he could have brought suit in this Court. Therefore, his right of action accrued on June 8, 2009, and his window to bring suit against the FBI closed on June 8, 2015, more than one year before he actually filed this action.

Finally, the Office of Information Policy ("OIP") acknowledged receiving the plaintiff's appeal from the EOUSA decision on January 8, 2010. OIP subsequently informed the plaintiff on April 9, 2010, that it agreed with the EOUSA's decision to withhold records in response to his FOIA request. ECF No. 12-8, Francis Decl. ¶ 13. The plaintiff's right of action against the

EOUSA accrued on around February 11, 2010. Therefore, the statute of limitations precluded plaintiff from filing suit after February 11, 2016, a few months before he actually filed this action.

Plaintiff does not dispute the specific dates proffered by the government in a way that would materially alter the outcome of this case.[1] Rather, the plaintiff points to his last correspondences with each agency to demonstrate that his lawsuit was in fact filed within the six-year statute of limitations window. Plaintiff's argument fails because the relevant factor is when the plaintiff has constructively exhausted his remedies, not when the administrative appeal has been adjudicated or when the agency last corresponds with the plaintiff. *See Spannus*, 824 F.2d at 57-59. Since the plaintiff failed to file suit against the FBI, DEA, and EOUSA within the six-year window after he constructively exhausted his administrative remedies, the Court must dismiss the claims as to those defendants.

**B.  Motion for Summary Judgement as to Claims against ATF**

The government argues that it is entitled to summary judgment on plaintiff's remaining claims because ATF "fully discharged its obligations under FOIA," ECF No. 12 at 5, by conducting a reasonable search and properly withholding documents under the applicable exemptions.

*1.  Reasonableness of the Search*

The government puts forth a declaration by Stephanie M. Boucher, Chief of the Disclosure Division at ATF, outlining ATF's handling of the FOIA request, including how the search was conducted. According to Ms. Boucher, in response to the plaintiff's initial FOIA request in March 2009—requesting all records pertaining to himself—the Disclosure Division of ATF searched

---

[1]  Plaintiff represents that the FBI informed him in a letter that his appeal was received on June 16, 2009 and not on May 11, 2009 as proffered by the FBI. *See* ECF No. 15 at 18. However, even if the Court accepts that date as correct, the plaintiff's suit against the FBI would still be barred by the statute of limitations.

though "N-Force" and the Treasury Enforcement Communications System ("TECS")—the two systems of records which would most likely contain the documents pertaining to the plaintiff's request. ECF No. 12-2, Boucher Decl. ¶ 28. TECS is a database—maintained by the U.S. Customs and Border Protection, U.S. Department of Homeland Security—which functions as a "comprehensive ATF law enforcement database that contains ATF investigative records." *Id.* ¶ 30. N-Fore is a case-management system and is "ATF's official case file of record for documenting investigative activity and information, creating reports, tracking investigative leads and linking data." *Id.* ¶ 31. The Disclosure Division searched those two systems by inputting the plaintiff's first and last name, date of birth, and Social Security Number. *Id.* ¶ 33. The search uncovered a single investigative case file numbered 768025-02-0042 involving the plaintiff. *Id.*

In June 2010 in response to plaintiff's second FOIA request for all records related to case files 768025-02-0042 and 768025-03-0042, TECS and N-Force databases were again searched for responsive documents. *Id.* ¶ 35. Again, case file numbered 768025-02-0042 was identified. *Id.* ATF determined case filed numbered 768025-03-0042 to be unrelated to the plaintiff.

In July 2016, a Specialist in ATF's Disclosure Division searched TECS and N-Force for a third time for any documents pertaining to the plaintiff by inputting his first and last name, date of birth, and Social Security Number. *Id.* ¶ 36. No additional documents were identified beyond what had already been identified and released to the plaintiff in 2009. *Id.* ¶ 37. Moreover, "ATF's Washington Field Division and the Norfolk Field Office (within the Washington Field Division) performed a search of each respective office and confirmed that no additional documents had been placed in Plaintiff's case file since the original search for records was conducted in March 2009." *Id.* ¶ 38.

The Court finds that ATF met its burden to demonstrate that it conducted a reasonable search. In 2009, 2010, and 2016, ATF searched the systems that would contain the information sought by the plaintiff and came up with the same case file each time. As such, in order to avoid summary judgment on this issue, the plaintiff must "provide countervailing evidence as to the adequacy of the agency's search." *Iturralde*, 315 F.3d at 314. The plaintiff seems to allege that the search was not adequate because he "did not receive the requested date in which the Grand Jury convene (sic) for original indictment and date the Grand Jury issued that superceded (sic) the indictment." ECF No. 15-1 at 4. "But it is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate." *Iturralde*, 315 F.3d at 314 (internal citations omitted). Instead, "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Id.* (internal citations omitted). Here, ATF conducted a thorough search on three separate occasions. Even it failed to turn up the date that the Grand Jury was convened, it would not call into question the adequacy of the overall search. The plaintiff fails to "offer evidence of circumstances sufficient to overcome an adequate agency affidavit" and the Court finds that the search was adequate. *Id.*

2. *Application of FOIA Exemptions*

ATF withheld certain documents from the plaintiff based on FOIA Exemptions 3, 5, 6, 7(C), and 7(E). In order for the withholding to be proper, an agency must demonstrate that invoking an exception is "logical" or "plausible." *Wolf v. C.I.A.*, 473 F.3d 370, 374-375 (D.C. Cir. 2007) (citations omitted). Here, ATF submitted Ms. Boucher's declaration and a *Vaughn* index to justify its withholding determinations.

a) Withholding under FOIA Exemption 3

Pursuant to this exemption, ATF "withheld a weapon's trace summary that was generated out of the ATF Firearms Trace System database." ECF No. 12-2, Boucher Decl. ¶ 51. FOIA Exemption 3 exempts from disclosure records when they are:

> specifically exempted from disclosure by statute . . . if that statute (A)(i) requires that the matter be withheld from the public in such a manner as to leave no discretion on the issue; or (A)(ii) establishes particular criteria from withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the Open FOIA Act of 2009, specifically cites to this paragraph.

5 U.S.C. § 552(b)(3). Congress expressly prohibited ATF from disclosing firearm trace information in circumstances such as this case under the Consolidated Appropriations Act of 2012, Pub. L. No. 112-55, 125 Stat. 552 (2011). The statute provides:

> [D]uring the current fiscal year and in each fiscal year thereafter, no funds appropriated under this or any other Act may be used to disclose part or all of the contents of the Firearms Trace System database maintained by the National Trace Center of the Bureau of Alcohol, Tobacco, Firearms and Explosives ... and no person or entity described in (1), (2) or (3) shall knowingly and publicly disclose such data; and all such data shall be immune from legal process, shall not be subject to subpoena or other discovery, shall be inadmissible in evidence, and shall not be used, relied on, or disclosed in any manner, nor shall testimony or other evidence be permitted based on the data, in a civil action in any State (including the District of Columbia) or Federal court or in an administrative proceeding other than a proceeding commenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives ....

112 Pub. L. 55, 4. The appropriations bill leaves the ATF with no discretion. And courts have previously held that Exemption 3 protects ATF firearms trace data. *See, e.g. Fowlkes v. BATFE*, 138 F. Supp. 3d 287, 291-92 (D.D.C. 2015); *Abdeljabbar v. BATFE*, 74 F.Supp.3d 158, 174-75 (D.D.C. 2014); *Smith v. BATFE*, No. 13-13079, 2014 WL 3565634, at *5 n. 2 (E.D. Mich. July 18, 2014); *Higgins v. U.S. Dep't of Justice*, 919 F.Supp.2d 131, 145 (D.D.C. 2013). Plaintiff does not appear to articulate any reasons why it should not apply. The Court finds that ATF properly withheld the weapon's trace summary under this exemption.

9

Under this exception, the Disclosure Division also withheld documents related to a grand jury subpoena for records and the identity of individuals scheduled to testify in front of the grand jury. ECF No. 12-2, Boucher Decl. ¶ 45. Federal Rule of Criminal Procedure 6(e) is the relevant statute that prohibits disclosure of matters before the grand jury. *See Fund for Const. Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 867–68 (1981). A subpoena for records and the identity of individuals testifying before the grand jury would certainly be prohibited under that statute. *Id.* at 869.

The plaintiff does not appear to contest the withholding of those documents. But rather he appears to be arguing that ATF also improperly redacted the meeting date of the grand jury—information that should not be exempted because it does not reveal the inner workings of the grand jury investigation. ECF No. 15-1 at 5. The Court finds no evidence in the ATF declaration, the *Vaughn* index, or anywhere else in the record that the date was redacted. But even if it had been, the Court finds the redaction proper. The touchstone of the inquiry is whether disclosure of the date would "reveal some secret aspect of the grand jury's investigation." *Lopez v. Department of Justice*, 393 F.3d 1345, 1349. The D.C. Circuit has previously held that revealing the date and time that a grand jury meets is protected from disclosure by Rule 6(e) because it "would tend to reveal the complexity and scope, focus and direction of the grand jury investigations." *Murphy v. Executive Office for U.S. Attorneys*, 789 F.3d 204, 211. Accordingly, even if ATF had redacted those dates, it would be appropriate under FOIA Exemption 3.

b) Withholding under FOIA Exemption 5

Pursuant to Exemption 5, ATF withheld 28 pages of draft legal filings, arguing that they were protected from disclosure under the deliberative process privilege, the attorney work product privilege, and the attorney client privilege. ECF No. 12-2, Boucher Decl. ¶ 53. ATF also withheld

10

two draft documents prepared by the Assistant U.S. Attorney (AUSA) in response to the plaintiff's motions in his underlying criminal case (they were forwarded to ATF for review and comment) because they "contain the thoughts and initial legal strategy and arguments employed in preparation of filing a response to Plaintiff's motions." *Id.* ¶ 55.

FOIA exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The Supreme Court has explained that the exemption authorizes withholding of documents that would normally be privileged in the context of civil discovery. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975). Therefore, "to justify nondisclosure under Exemption 5, an agency must show that the type of material it seeks to withhold is generally protected in civil discovery for reasons similar to those asserted by the agency in the FOIA context." *Burka v. U.S. Dept. of Health and Human Services*, 87 F.3d 508, 517 (D.C. Cir. 1996). "[C]ourts have incorporated three traditional civil discovery privileges into Exemption 5: (1) the deliberative process privilege; (2) the attorney-client privilege; and (3) the attorney work-product privilege." *Cuban v. S.E.C.*, 744 F. Supp. 2d 60, 75 (D.D.C. 2010) (citations omitted).

The plaintiff does not appear to contest any withholding under this exemption. Even so, the Court finds that the two draft documents prepared by the AUSA and shared with ATF for review were properly withheld under the deliberative process privilege. The documents were "predecisional" in that no final agency action had been taken and were deliberative in that they were shared as part of a consultative process. *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir. 1993). They were also properly withheld under attorney-client privilege and attorney work product privilege. The documents contained legal analysis by the AUSA, in this case counsel for ATF, and were prepared in anticipation of litigation. The Court also finds that the 28 pages of

draft legal filings were properly withheld under the attorney-client privilege. Ms. Boucher's declaration notes that the documents contained the legal advice of the AUSA handling the underlying criminal prosecution of the plaintiff and contained analysis of facts and law. ECF No. 12-2, Boucher Decl. ¶ 57-58.

### c) Withholding under FOIA Exemptions 6 and 7(C)

FOIA Exemption 6 protects against the disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Under FOIA Exemption 7(C), an agency can withhold "records or information compiled for law enforcement purposes ... that could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

Exemption 7(C), which requires the government to prove only that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy, is somewhat broader than Exemption 6, which requires proof of a clearly unwarranted invasion of personal privacy." *Roth v. United States DOJ*, 642 F.3d 1161, 1173 (D.C. Cir. 2011) (internal citations omitted). Accordingly, "[i]f the information withheld here was 'compiled for law enforcement purposes,' thus implicating Exemption 7(C), then we would have no need to consider Exemption 6 separately because all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)." *Id.*

To assess whether disclosure would constitute a "clearly unwarranted invasion of personal privacy" under Exemption 7(c), the Court must "balance the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). Courts take very seriously the privacy interests of third-parties. *See e.g., Neely v. FBI*, 208 F.3d 461, 464-65 (4th Cir. 2000)

("FBI agents, government employees, third-party suspects, and other third-party suspects, and other third parties mentioned or interviewed in the course of the investigation have well-recognized and substantial privacy interests in the withheld information. Among other things, those individuals have a substantial interest in the nondisclosure of their identities and their connection with particular investigations because of the potential for future harassment, annoyance, or embarrassment.")

If privacy interests are identified, the burden shifts to the FOIA requestor to "establish a sufficient reason for the disclosure. First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. Second, the citizen must show the information is likely to advance that interest. Otherwise, the invasion of privacy is unwarranted." *National Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). If the FOIA requestor argues that the public interest in disclosure is to show that "responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Id.* at 174.

In this matter, ATF withheld the names and other identifying information of federal law enforcement agents, non-law enforcement third parties, state and local law enforcement personnel, and information relating to criminal enforcement cases of non-law enforcement third parties. ECF No. 12-2, Boucher Decl. ¶ 68. ATF aimed to protect their identities "because disclosure might seriously prejudice their effectiveness in conducting investigations to which they are assigned and subject them to embarrassment and unwarranted harassment in the conduct of their official duties

and personal affairs." *Id.* ¶ 68. The Court agrees that withholding the third-party names implicates an important privacy interest.

The plaintiff has not demonstrated why the public interest in the disclosure of that information outweighs the privacy concerns. Plaintiff alleges that the information must be released for the purpose of "exposing improper conduct by agency officials," specifically the fact that a government prosecutor improperly withheld information in violation of his *Brady* rights. ECF 15-1 at 10-11. But the plaintiff fails to sufficiently substantiate the wrongdoing necessary to overcome the *Favish* standard. Additionally, the plaintiff appears to be justifying disclosure based on a private, not a public, interest. Namely that the government failed to release to him exculpatory information which would be helpful in challenging his own conviction. *See Taylor v. United States Dep't of Justice*, 257 F. Supp. 2d 101, 110 (D.D.C. 2003). Therefore, the Court finds that the privacy interests of the third-parties, whose names were withheld from disclosure, outweigh any public interest that exists. ATF properly applied Exemptions 6 and 7(C).

        d)       Withholding under FOIA Exemption 7(E)

The Court concurs that ATF properly applied Exemption 7(E) to withhold the law enforcement codes found on TECS and NCIC computer file numbers. ECF No. 12-2, Boucher Decl. ¶ 75-76. An agency can withhold records, pursuant to Exemption 7, that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552 (b)(7)(E). To satisfy its burden under this exemption, the agency must only "demonstrate[ ] *logically* how the release of [the requested] information might create a risk of circumvention of the law." *PHE, Inc. v. DOJ*, 983 F.2d 248, 251 (D.C.Cir.1993).

14

ATF makes a logical argument for why disclosure of the codes could allow individuals to circumvent the law. Disclosing the codes would allow individuals to gain access to sensitive investigative information and/or alter or create false records. ECF No. 12-2, Boucher Decl. ¶ 76. The plaintiff does not appear to contest this rationale. Accordingly, the Court finds that the ATF properly withheld information under this FOIA exemption.

### 3. *Segregability*

FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C.A. § 552(b). District Courts have a duty to consider the issue of segregability, even if not raised by the parties. *Trans-Pac. Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

Here, ATF's declaration indicates that each page of the responsive documents were reviewed to ensure that no additional information could be released. ECF No. 12-2, Boucher Decl. ¶ 77. Ms. Boucher further declares that "[a]ll releasable information has been provided to Plaintiff." *Id.* The agency is entitled to a presumption that it properly segregated the information. *Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). The plaintiff has not provided any evidence to rebut that presumption in this case. The Court finds that ATF properly released any "reasonably segregable portion of the record."

### 4. *Document Referrals*

The plaintiff also appears to call into question the referral of documents between the defendant agencies. *See* Complaint, ECF No. 1 at 9; *see also* ECF No. 15-1 at 6. It is unclear if the plaintiff alleges that ATF improperly withheld documents by referring to other agencies, as his claim appears to center on EOUSA's alleged improper referral of documents. However, even if

he did intend to allege improper conduct by ATF, he has not provided evidence, nor has the Court found evidence, indicating that the referral led to improper withholding of records. *See Sussman*, 494 F.3d at 1118.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** dismissal of the suit as to defendants EOUSA, FBI, and DEA, and **GRANTS** defendant ATF's motion for summary judgement. ECF No. 12. The case is hereby dismissed. A separate Order accompanies this Memorandum Opinion.

Date: March 22, 2018

Royce C. Lamberth
United States District Judge